## CHAPMAN *versus* LOTHROP *&* al.

Where a bond has been settled and surrendered through mistake or fraud, it may be treated as a valid and subsisting instrument.

But when through negligence, inattention or ignorance, the plaintiff allows his bond to be discharged by his attorney, without claiming *a full performance* of its conditions, and after full knowledge of the mode in which the settlement of it was made, he acquiesces in it for a long time, he cannot afterwards treat the bond as subsisting and recover a further sum, although such claim was contemplated in its original provisions.

On Report from *Nisi Prius*, Cutting, J. presiding.

Debt, on a bond executed by Lothrop as principal, and Glidden as surety, in Feb. 1848. The writ is dated Jan. 8, 1853.

The condition of said bond was in substance, that Lothrop and plaintiff, having been in company in building a bark, and in consideration of plaintiff's relinquishment of his interest in the vessel, Lothrop agreed to pay all their liabilities in consequence of building the vessel and save the plaintiff harmless from all expenses concerning it, and at a subsequent time pay him $300.

In June, 1849, the plaintiff commenced a suit on the bond which was settled Oct. 1851, by payment of the demand for which the bond was sued, amounting to $286,84, besides the costs. At that time the bond was given up to defendant's attorney, who surrendered it to his clients.

In Feb. 1852, the plaintiff paid about $50, on a demand of one N. T. Chapman against him and defendant Lothrop, for work done upon the bark, previously to the execution of the bond, the account having been sued.

It was in evidence, that this claim was not settled among the demands when the bond was surrendered.

It was agreed, that upon the testimony admissible, the Court might draw such inferences as a jury, and render judgment on default or nonsuit, or give such direction to the cause, as to the Court might seem most consistent with law and justice.

*Stinson*, with whom was *Ingalls*, for defendants.

1. The bond by its voluntary surrender by plaintiff, for the purpose of cancellation, became null and void. *Licey* v. *Licey*, Penn. R. 251.

2. All that was demanded was then paid. The understanding of both parties was, that it was discharged. *Steward* v. *Briggs & al.*, 9 Maine, 53.

3. The surety could have known nothing about the transactions between the plaintiff and Lothrop, and when on payment of the claims presented, and the giving up of the

bond, he had a right to suppose that his liabilities were at an end.

*Hubbard,* for plaintiff.

SHEPLEY, C. J. — This suit is upon a bond, not produced, made by defendants to the plaintiff, on Feb. 29, 1848, containing a condition providing in substance, that Lothrop should pay what he and the plaintiff were to pay for building a vessel, which they had built together; and should pay the plaintiff $300.

The plaintiff caused a suit to be commenced on that bond on June 11, 1849, which was prosecuted until October, 1851, when it was settled by the attorneys of the respective parties, by the surety paying $371,33, being the full amount of all claimed to be due for damages and costs; and the demands and bond were surrendered as satisfied. The attorney for the plaintiff, who made that settlement, testifies that he did not settle any other demands than those sued for in that action, having no knowledge or instructions beyond that suit. It does not appear that he exceeded his authority in making it. There is no proof that the plaintiff was not fully informed how it had been made, or that he was not fully satisfied with it, or that he has ever complained of it, or alleged that it was unauthorized or erroneous. The only evidence of it, now presented, is the commencement of this suit, on January 8, 1853. The presumption must be, that he received the money obtained by that settlement without making any objection to it.

When a bond or other contract has been settled and surrendered as satisfied by reason of mistake or fraud, it may be treated as a valid and subsisting instrument.

It does not in this case appear that any mistake was made in that settlement, or that it was procured by any fraud. The only error apparent, as the case is presented, was that through his own negligence, inattention, or ignorance, the plaintiff allowed a settlement to be made, and his bond to be discharged by his attorney, without claiming a full

performance of its condition. If the amount now claimed could have been recovered of Lothrop, the plaintiff might have allowed a judgment to be recovered against him and himself, and have procured the amount to be collected of him. After he had remained for so long a time apparently satisfied with that settlement, he should not be relieved from its effect, to enable him to recover a further sum from the surety, without more satisfactory proof of excess of authority, or of mistake, or fraud, than he has exhibited.

*Plaintiff nonsuit.*